BROWN *v.* GIRARD FIRE & MARINE INSURANCE COMPANY.

Opinion delivered November 10, 1930.

*John L. Bledsoe,* for appellant.

*Verne McMillen,* for appellee.

McHANEY, J. Appellant sued appellee on a policy of fire insurance for a loss sustained by him. Appellee defended on the ground that the policy had been canceled. Wells and Bates were the general agents for appellee at Pocahontas. Mr. Bates testified that on instructions from appellee he had canceled the policy and had notified appellant thereof, both by letter and in person about three weeks prior to the fire which destroyed appellant's building. The case was submitted to a jury on instructions from the court, which are not complained of, which resulted in a verdict and judgment for appellee.

During the course of the argument to the jury, counsel for appellee used this language: "If you find against the defendant it will be the same as finding against J. D. Wells and F. E. Bates, it will be the same as finding against your neighbors." On objection being made by counsel for appellant the court said: "Gentlemen of the jury, what the attorneys may say is not evidence in the case. You get your evidence from the lips of the witnesses and the law from the instructions given you by the court. You should not consider any statement made by attorneys for either party which are not borne out by the record. In arriving at your verdict

you will base your verdict on the testimony given by the witnesses and the law as given by the court and upon that alone."

This is the only assignment of error for a reversal of the case. We do not think this was improper argument, nor do we think it was prejudicial to the appellant. What counsel evidently meant by the statement was that a verdict for appellant would necessarily imply that the testimony of Mr. Bates was untrue. We think this was a legitimate argument based upon the testimony as the appellant denied that he had received the written notice of the cancellation or the check in payment of the unearned premium which Mr. Bates testified had been sent him. Appellant also denied that Mr. Bates had verbally notified him of the cancellation in Pocahontas a short time after writing the letter notifying him of the cancellation, and the remarks of counsel were made with the view and hope that the jury would believe Mr. Bates instead of appellant. Moreover, conceding the argument to be improper, we are of the opinion that the remarks of the court in response to the objection cured any harmful effect it may have had. *Ark. Short Leaf Lbr. Co.* v. *Wilkerson,* 154 Ark. 455.

Affirmed.